**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10047
Summary Calendar

LELA MAE SMITH,

Plaintiff-Appellant,

VERSUS

ROBERT HARRIS; LEE GREEN; ROBERT POLLEY,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(3:95-CV-2387-G)

December 9, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

At about 5:37 AM on October 16, 1994, Kaufman County peace officers arrested Lela Mae

Smtih at her home for the offense of telephone harassment, a class B misdemeanor under Texas law.[2]

Smith had called the Kaufman County "911" emergency system several times on the night of October

15, 1994, trying to locate her son who had run away after being punished by Smith and her husband.

The officers investigated Smith's complaint, and advised Smith that her son had been placed in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]    *See* Tex. Penal Code § 42.07(c).

custody of Child Protective Services. Smith was warned to stop calling the 911 system because her situation was not an emergency. Smith admits being warned, but she continued to call the police on the 911 system. After Smith failed to abide by the warnings, the officers arrested Smith for telephone harassment. Those charges were later dropped.

Lela Mae Smith filed this 42 U.S.C. § 1983 and § 1988 action against Robert Harris, the Sheriff of Kaufman County, Texas, Lee Green, a Kaufman County peace officer, and Robert Polley, a police dispatcher who handles the Kaufman County "911" system, alleging that the defendants conspired to arrest her falsely and to incarcerate her illegally, without probable cause. The defendants moved for summary judgment, arguing that they acted with probable cause and that they were entitled to qualified immunity. The district court granted summary judgment for the defendants, finding that the defendants acted with probable cause.[3] Smith appeals.

In this appeal, Smith maintains that summary judgment is inappropriate on the issue of probable cause because there are genuine issues of material fact. First, in her sworn affidavit, Smith asserts that she was arrested for the offense of telephone harassment at her home at about 5:00 AM, but the warrant for her arrest was "issued" at 6:00 AM. Smith also asserts that the police officers took the warrant to the magistrate to be signed after she was arrested. This issue of timing does not preclude summary judgment. A finding of probable cause by an independent intermediary such as a magistrate or a grand jury will cut off the peace officers' liability for false arrest under § 1983.[4] This

---

[3]    The district court denied the defendants' request for summary judgment on the grounds of qualified immunity.

[4]    *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994).

bar applies even if the probable cause finding is made after the defendants' arrest.[5]  At most, Smith

has shown that the magistrate found probable cause for her arrest after the fact.  This is sufficient to

insulate the defendants from liability.

Smith also alleges that the defendants fabricated information in the affidavits supporting the

arrest warrant.  Smith argues that these fabrications concerning the number of phone calls made to

the 911 system tainted the magistrate's finding of probable cause and, therefore, that finding of

probable cause does not insulate the defendants from liability for false arrest.  An officer who

provides false statements in the affidavits supporting an arrest warrant may lose the insulation

provided by the magistrates finding of probable cause if the § 1983 plaintiff can show that the false

statements tainted the magistrates decision and were made either recklessly or maliciously.[6]  After

considering all of the evidence, we conclude that Smith has presented insufficient evidence from

which a reasonable juror could have concluded that the defendants provided false information that

tainted the magistrate's decision.[7]  In her affidavit, Smith states that she called the 911 system only

twice.  She admits, however, that she was warned not to call 911 because her situation was not an

emergency.  The computer records from the 911 system show that Smith made four calls to 911.[8]

These records support the defendants' assertions that several calls were made.  Standing alone,

---

[5]      *Id*.  Even though telephone harassment is a misdemeanor, no arrest warrant was needed at the time of arrest.  *Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1189 (5th Cir. 1991).

[6]      *See Hart v. O'Brien*, 1997 WL 656282, *14 (5th Cir. 1997); *Taylor*, 36 F.3d at 457.

[7]      *See Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996).

[8]      The records show that, on the night of October 15, 1994, Smith called "911" at 7:36, 8:59, 9:20, and 10:42 PM.

3

Smith's statement is insufficient to overcome the objective evidence from the computer records. Summary judgment on this issue is appropriate.

The judgment is AFFIRMED.